**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STATE OF NEW MEXICO,

      Plaintiff - Appellee,

v.

PUEBLO OF POJOAQUE,

      Defendant - Appellant.

No. 01-2019

(D. New Mexico)

(D.C. No. CIV-00-851-BB)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , **ANDERSON** , and **MURPHY** , Circuit Judges.

This case involves the gaming compact and revenue sharing agreement

entered into in 1997 between the Pueblo of Pojoaque Tribe and the State of New

Mexico. [1]  The compact is a necessary prerequisite, under the Indian Gaming

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Originally, a number of other tribes were also parties to this case.  All tribes except for the Pueblo of Pojoaque have stipulated to the dismissal of their appeals.

Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701- 2721, for the Tribe to conduct class III gaming on its reservation in New Mexico. The revenue sharing agreement ("RSA"), a creation of state statute, was by statute a prerequisite for the State to enter into the compact with the Tribe. See N.M. Stat. Ann. § 11-13-2. The RSA requires the Tribe to pay the State 16% of its total "net win" from gaming machines, and, in exchange therefore, the State agreed to various restrictions on the expansion of non-Indian gaming.

The Tribe and the State entered into the RSA and compact, which were then submitted to the Secretary of the Interior for approval, as required by the IGRA. Rather than electing to approve or disapprove the documents, the Secretary chose to take no official action, which resulted in the compact and RSA going into effect by operation of law, to the extent they comply with the IGRA. See 25 U.S.C. § 2710(d)(8)(C).

When the Tribe began refusing to comply with the RSA requirement that it submit 16% of its net win to the State, the State brought this action seeking a declaration that: (1) the RSA requirements are part of the compact; (2) the RSA is legal under the IGRA; (3) the Tribe was violating the IGRA by failing to remit the payment required under the RSA; and (4) all Tribal gaming in violation of the IGRA be enjoined. The Tribe filed a motion to dismiss claiming it had sovereign immunity from suit and that the district court lacked subject matter jurisdiction.

The district court denied the motion to dismiss, holding "[t]he IGRA . . . provides a solid foundation for both federal question jurisdiction and a waiver of tribal immunity.  Since the State has filed the case, the Court has jurisdiction over the subject matter and the parties." Memorandum Op. & Order at 14.  This appeal, which is an appeal from an immediately appealable interlocutory order, followed. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).

　　We have carefully reviewed the arguments of the parties and the record in this case.  We AFFIRM the district court's decision that, at this juncture in the case, it has jurisdiction over this case and its parties.  See Mescalero Apache Tribe v. New Mexico, 131 F.3d 1379 (10th Cir. 1997); Pueblo of Santa Ana v. Kelly, 104 F.3d 1546 (10th Cir. 1997).  We accordingly REMAND this case for further proceedings.  We deny other pending motions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge